## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## OCALA DIVISION

**MELVIN HUNDT,**

      **Plaintiff,**

**v.**                                                                    **Case No: 5:21-cv-317-PRL**

**COMMISSIONER OF SOCIAL
SECURITY,**

      **Defendant.**

_____

### ORDER

The Commissioner has filed an unopposed motion to remand this case for further proceedings under sentence four of 42 U.S.C. § 405(g). (Doc. 30). Upon review, the Court agrees with the parties that it is appropriate to remand this matter to the Commissioner.

Pursuant to Title 42, United States Code, Section 405(g) the Court is empowered to reverse the decision of the Commissioner with or without remanding the cause for a rehearing. *Shalala v. Schaefer*, 509 U.S. 292, 296 (1993). Where the court cannot discern the basis for the Commissioner's decision, a sentence-four remand may be appropriate to allow him to explain the basis for his decision. *Falcon v. Heckler*, 732 F.2d 827, 829-30 (11th Cir. 1984) (holding remand was appropriate to allow the ALJ to explain the basis for the determination that the claimant's depression did not significantly affect her ability to work). On remand under sentence four, the ALJ should review the case on a complete record, including any new material evidence. *Diorio v. Heckler*, 721 F.2d 726, 729 (11th Cir. 1983) (finding that it was necessary for the ALJ on remand to consider psychiatric report tendered

to Appeals Council); *Reeves v. Heckler*, 734 F.2d 519, 522 n. 1 (11th Cir. 1984) (holding that the ALJ should consider on remand the need for an orthopedic evaluation).

Therefore, following a careful review of the record and filings, the Court agrees with the parties that it is appropriate to remand this matter to the Commissioner. Accordingly, it is ORDERED:

1.  The Commissioner's motion (Doc. 30) is **GRANTED** and this action is **REVERSED AND REMANDED** pursuant to sentence four of 42 U.S.C. § 405(g)[1] to the Commissioner for the following reasons:

    > On remand by the Court, the Appeals Council will forward the case to an Administrative Law Judge to: 1) update the medical record; 2) to explicitly and accurately evaluate the requirements of the Listings and specifically address whether Plaintiff meets or equals the requirements of Listing 1.04; and 3) to hold a supplemental hearing and obtain evidence from a Vocational Expert (VE)

2. The Clerk is directed to enter judgment accordingly and close the file.

**DONE** and **ORDERED** in Ocala, Florida on May 11, 2022.

PHILIP R. LAMMENS
United States Magistrate Judge

Copies furnished to:

Counsel of Record
Unrepresented Parties

---

[1] Remand pursuant to sentence four of § 405(g) makes the plaintiff a prevailing party for purposes of the Equal Access to Justice Act, 28 U.S.C. § 2412, and terminates this Court's jurisdiction over this matter. *Shalala v. Schaefer*, 509 U.S. 292 (1993).