UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

MELVIN HUNDT,

    Plaintiff,

v.                                               Case No: 5:21-cv-317-PRL

COMMISSIONER OF SOCIAL
SECURITY,

    Defendant.
_____

**ORDER**

This matter is before the Court on the unopposed motion of Plaintiff's counsel, Pamela Collins Dunmore, for authorization to charge a reasonable fee pursuant to 42 U.S.C. § 406(b) in the amount of $17,940. (Doc. 36). In support of the motion, Ms. Dunmore has filed a signed fee agreement in which Plaintiff acknowledges a 25% fee award of past due benefits. (Doc. 36-1). Ms. Dunmore represents that the Commissioner has no objection to the requested fees.

    I.    **Background**

On May 11, 2022, the Court reversed and remanded the case to the Social Security Administration for further proceedings. (Doc. 31). On June 17, 2022, the Court entered an order awarding attorney's fees to Ms. Dunmore under the Equal Access to Justice Act (EAJA) in the sum of $3,098.22, for time spent representing Plaintiff before this Court. (Doc. 35). Subsequently, on remand, Plaintiff was awarded past due benefits in the amount of $121,862.10. (Doc. 36-3). Pursuant to the fee agreement, the attorney fee payable from Plaintiff's past-due benefits is $17,940. This is less than twenty five percent of the past due

benefits— $30,465.53—minus the previously awarded EAJA fees in the amount of $3,098.22 and the attorney's fee paid by the Administration to counsel in the amount of $7,200.00.

## II.   Discussion

An attorney, as here, who successfully represents a Social Security claimant in court may be awarded as part of the judgment "a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits" awarded to the claimant. 42 U.S.C. §406(b)(1)(A). The fee is payable "out of, and not in addition to, the amount of [the] past-due benefits." *Id.* As required by *Gisbrecht v. Barnhardt*, 535 U.S. 789, 808 (2002), courts should approach contingent-fee determinations by first looking to the agreement between the attorney and the client, and then testing that agreement for reasonableness.

When called upon to assess the reasonableness of the award, a court should balance the interest in protecting claimants from inordinately large fees against the interest in ensuring that attorneys are adequately compensate so that they continue to represent clients in disability benefits cases. *Gisbrecht,* 535 U.S. at 805. In making this reasonableness determination, the *Gisbrecht* court highlighted several important factors including: (1) whether the requested fee is out of line with the character of the representation and the results the representation achieved; (2) whether the attorney unreasonably delayed the proceedings in an attempt to increase the accumulation of benefits and thereby increase her own fee; and (3) whether the benefits awarded are large in comparison to the amount of time counsel spent on the case, the so-called windfall factor. *Id*. at 808. In these instances, a downward reduction may be in order.

Here, the Court finds that the requested attorney's fees are reasonable. The requested fee will not result in a windfall for counsel—i.e., that counsel is receiving compensation she

is not entitled to and that payment of the compensation would be unfair or detrimental to Plaintiff. In this regard, Ms. Dunmore has submitted a signed fee agreement in which Plaintiff acknowledged that counsel would receive 25% of all past due benefits awarded on appeal. (Doc. 36-1). Moreover, Ms. Dunmore represents that she spent at least 13.8 hours on this case. (Doc. 36 at ¶ 4).

Accordingly, for these reasons, and in the absence of any objection by the Commissioner, Ms. Dunmore's motion for authorization to charge a reasonable fee pursuant to 42 U.S.C. 406(b) (Doc. 36) is due to be **GRANTED**. Section 406(b) fees are approved for Ms. Dunmore in the sum of $17,940.00.

**DONE** and **ORDERED** in Ocala, Florida on February 22, 2023.

_____
PHILIP R. LAMMENS
United States Magistrate Judge

Copies furnished to:

Counsel of Record
Unrepresented Parties